Anthony Clark Schwartz
Email: tonyschwartz.law@gmail.com
The Schwartz Law Firm
PO Box 6467
Portland, OR 97228
Tel: (503) 505-4674
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 3:23-cr-00376-IM |
| PLAINTIFF, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| STEVEN DANIEL GRISWOLD, | |
| DEFENDANT. | |

Mr. Griswold, through his lawyer Tony Schwartz, submits this sentencing memorandum in advance of the sentencing hearing.

1. **INTRODUCTION**

Mr. Griswold is a 44-year-old man who has remained in-custody since his detention in December 2023 in the Philippines. He timely entered a plea of guilty with protection of the Plea Letter in which the parties will jointly ask the Court to order a prison sentence of 262 months followed by a term of Supervised Release.

2.  **PRESENTENCE REPORT**

Mr. Griswold agrees with the findings and determinations set forth in the pre-sentence report (PSR). He does have several objections to the proposed supervisory conditions.

3.  **PLEA AGREEMENT**

Mr. Griswold retained counsel at the beginning of the case and then the Court allowed CJA Panel co-counsel as Mr. Griswold had used all available funds. The parties thereafter resolved the case with a joint sentencing agreement asking this Court to sentence Mr. Griswold to 262 months. We ask the Court to follow the agreement based on his lack of criminal history (CHC 1), a favorable polygraph, his middle-age, and his willingness to accept responsibility.

Three points of disagreement are (1) the term of Supervised Release, (2) the government's request for a $12,000 Special Assessment, and (3) certain proposed conditions of supervision.

4.  **SUPERVISED RELEASE TERM**

The term of supervised release may range from 5 years to Life. Mr. Griswold is allowed to "argue down" to 10 years (Plea Letter) ~ the government asks for Life.

Mr. Griswold will be about 60 years old upon release – generally well past the age that most individuals commit crime. He has a 4-year-old son that he desires a full relationship with, and because of his relationship with his son fully understands the

gravity of his abusive behavior that involved minor children.  As noted, of course, he has no criminal history.  For these reasons, he asks for a 10-year term of supervision.

5.   **SPECIAL ASSESSMENT**

The USAO is asking for a $12,000 special assessment.  Mr. Griswold requests that the Court decline to assess any monetary amount.  He ran out of money during the pendency of the case, he has no assets and has nearly $70,000 in debt.  Upon release he will likely struggle to make money given his age (60ish) and this criminal conviction, plus he will have a wife and child to help support.

6.   **SUPERVISION CONDITIONS**

**You must not use or possess alcohol (special condition #6)**

This seems extreme given the length of supervision.  We ask that it include the term "without first obtaining the permission of the probation officer."  This gives the PO discretion to allow alcohol use especially if Mr. Griswold successfully completes substance abuse and/or alcohol treatment.

**You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places (special condition #14)**

This seems overbroad, vague and unfair. Mr. Griswold should be allowed to have "direct" contact with his own child. To suggest that BOP visits should not include his son – during the next 14 years – is simply not humane.

In addition, what does "direct" mean? Does that include letters or phone calls? Does that include contact that is not face-to-face? Mr. Griswold has minor children in his family (nieces and nephews) and does not want to violate the terms of supervision unknowingly by sending a letter to a minor child family member or participating in a video visit of phone call.

**You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities (special condition #15)**

This is overbroad. Does this include places such as Washington Park or Pioneer Square or other city parks and open spaces?

**You must not access the Internet except for reasons approved in advance by the probation officer (special condition #20)**

This is overbroad especially since the internet likely will be radically different when Mr. Griswold is released.

7. **CONCLUSION**

Mr. Griswold asks for a 262 month sentence, ten years of Supervised Release, the mandatory $100 assessment, all proposed conditions of supervision subject to the

Court's ruling on his objections, and designation to FCI Big Springs (Texas) to be close to his parents who live in the area.

        DATED this February 13, 2026

        <u>s/Anthony C. Schwartz</u>
        Anthony C. Schwartz

**Attorney – Client Privileged**

SPFA, LLC

# Polygraph Examination Report

| Personal Information | | Photo |
|---|---|---|
| Name: Steven Daniel Griswold <br> Date of Birth: [redacted]  Age: 43 <br> Social Security: [redacted]  Driver's License: [redacted] <br> Address: Federal Detention Center Sheridan OR | | |
| **Exam Information** | | **Fingerprint** |
| Requestor: **Jason Short, Attorney at Gilroy l Napoli l Short Law Group** <br> County of Venue: Federal Court <br> Exam Location: FDC-Sheridan <br> Exam Date: 10/25/2024 10am <br> SPFA, LLC #: 241025_1_SG_GNS-Privileged <br> Examiner: Scott Sudaisar <br> Final Call: No Significant Reactions (NSR) | | |

**Section 1: Summary**

    The examinee, Steve Griswold, is the subject of a criminal prosecution being conducted by the United States Attorney's Office in Portland, Oregon. The crimes being investigated include but may not be limited to the production of child sexual abuse material (CSAM). The examinee is represented by Jason Short, an attorney at the Gilroy, Napoli, Short Law Group. The SPFA, LLC was contacted to administer a Specific Issue polygraph examination to Steve Griswold. The polygraph examination was conducted on 10/25/2024.

    The main issue under consideration for the polygraph examination was whether Steve Griswold was telling the truth to pertinent questions listed under Section 3 of this report. This examiner's opinion is Steve Griswold was being **truthful** when answering pertinent questions.

**Section 2: Pre-Test Interview**

**Attorney – Client Privileged**
**SPFA, LLC**
# Polygraph Examination Report

On 10/25/2024, Steve Griswold arrived and voluntarily submitted to a polygraph examination. In the opinion of the examiner, Steve Griswold was suitable for polygraph testing.

Steve Griswold told me he was arrested December 9, 2023, in the Philippines, where he had been living. He was extradited and arrived at the Federal Detention Center (FDC) in Sheridan, Oregon, on or about March 21, 2024. He is from Oregon and was, until his arrest, employed as an accountant by a business in Salem, Oregon.

He is married to 34yoa ▇▇▇▇▇▇▇▇ Griswold. She is from the Philippines. He told me they moved to the Philippines so she could go back to school to study nursing. They have a 3yoa son, ▇▇▇ Griswold, who still lives in the Philippines with ▇▇▇▇.

He told me he is suspected of having sexually abused at least one minor, in the past, because of his internet activities. He told me the suspicion is reasonable and he understands why people have that concern. He insists he has never had physical sexual contact with a minor, in the United States, in the Philippines, or any other country. He offered the following assertions:

1. He has never traveled to have sexual contact with a minor, whether intrastate, interstate, or internationally.
2. He has never had sexual intercourse with a person younger than 18yoa.
3. He has never had sexual contact with a person younger than 18yoa.
4. He has never planned to meet with a minor for sexual contact.
5. He has never done anything hands on with any minors, anywhere, anytime.
6. He has never messed with any minor, in person, for a sexual purpose.
7. He has never lured a minor.
    a. He told me he was about 20yoa – 21yoa the first time he had sex. He told me the partner was about 18yoa – 19yoa. He denies ever having sex with a person younger than 18yoa.

He defined sexual contact:

- Touching of the body with a sexual intent
- Caressing of a body
- Sexual contact does not have to include sexual parts.

He defined sexual parts as is commonly accepted: butt/rectum, vagina, penis, and breasts.

He defined sexual intercourse as is commonly accepted: oral, vaginal, anal.

He told me he wants to demonstrate he is being truthful when he makes the assertion that he has never had physical sexual contact, or any form of sexual intercourse, with any person younger than 18yoa.

At the conclusion of the pre-test phase of the polygraph examination, the examiner discussed and thoroughly reviewed all the test questions with the examinee. The purpose of this detailed review is to provide the examinee an opportunity to ensure he completely understands the questions before the onset of the testing phase of the examination.

**Section 3: In-Test Phase**

**Attorney – Client Privileged**

**SPFA, LLC**

# Polygraph Examination Report

A Lafayette computerized polygraph system, model LX6 was used for the collection of polygraph tests (test data). This instrument makes a continuous recording of autonomic responses associated with respiration, electrodermal activity, and cardiovascular functioning. The instrument also includes sensors designed to record peripheral behavior activity and cooperation during the examination. A functionality check prior to the examination confirmed the instrument was in proper working order.

The following pertinent questions were asked during the polygraph examination.

- R1:  Have you ever had sexual intercourse with a minor? No
- R2:  Have you ever touched the private parts of a minor? No
- R3:  Have you ever met with a minor for sexual contact? No
- R4:  Have you ever had physical sexual contact with a person younger than 18yoa? No

*The questions are defined to be inclusive of such acts being performed anywhere in the world, whether that be the United States, the Philippines, or any other country.*

## Section 4:  Result

It is the opinion of this examiner Steve Griswold was being **truthful** during testing.

Global analysis of the physiological data revealed that it was of sufficient interpretable quality to complete a standardized numerical analysis of the test results. Analysis was performed using the following techniques:

| Technique | Result |
| --- | --- |
| Empirical Scoring System | **No Significant Reactions (NSR)** |
| Utah Scoring System | **No Significant Reactions (NSR)** |
| OSS3 | **No Significant Reactions (NSR)** |
| Empirical Scoring System – Multinomial (ESS-M) | **Inconclusive** |
| Empirical Scoring System – Multinomial (ESS-M) **(Sans pneumos)** | **No Significant Reactions (NSR)** |

**Attorney – Client Privileged**

SPFA, LLC

**Polygraph Examination Report**

---

**Section 5: Post-Test Interview**
---

During the post-test phase of the exam, Steve Griswold was informed that the test results will be reported to his attorney.

**Scott Sudaisar, Polygraph Examiner**
**DPSST** ▓▓▓▓▓▓ **(Oregon DPSST certified Polygraph Examiner)**
▓▓▓▓▓▓ **(Certified Forensic Law Enforcement Polygraph Examiner)**
**Nationally Certified Polygraph Examiner**
**SPFA, LLC**
**P.O. Box 1238, Newberg, Oregon 97132**

Scott@spfallc.com
**(503) 349-5828**